**Haimovici v Castle Vil. Owners Corp.**

2025 NY Slip Op 31865(U)

May 27, 2025

Supreme Court, New York County

Docket Number: Index No. 156094/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**                    PART                    **14**

*Justice*

-------------------------------------------------------------------------------X

GABRIEL HAIMOVICI,                          INDEX NO.          156094/2022

                    Plaintiff,              MOTION DATE        05/23/2025

            - v -                           MOTION SEQ. NO.         003

CASTLE VILLAGE OWNERS CORP., ANDREW DITTON,
JIM BERLIN, MICHAEL UYSAL, TIMOTHY GLADDEN, LISA     **DECISION + ORDER ON**
ALDISERT, HERBERT LAMBERT, EDWARD SONN                    **MOTION**

                    Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202

were read on this motion to/for                    DISCOVERY                    .

Plaintiff's motion to compel is denied.

**Background**

Plaintiff commenced this action to stop defendants from terminating his proprietary lease. In this motion he seeks to compel defendants to produce documents to support their position that plaintiff engaged in objectionable conduct from January 1, 2019 through the present. He also demands an affirmative representation regarding whether or not plaintiff's name appears in the minutes of meetings of the board of directors for defendant Castle Village Owners Corp. ("Castle Village") and any findings of fact by the board about allegations from May 10, 2022 and to compel the deposition of a former board member.

Plaintiff explains that he received a letter from Castle Village's board dated March 7, 2022 that described his offensive conduct but that he did not learn any details about this conduct until May 10, 2022—plaintiff insists the allegations in the May 10, 2022 letter are false. He

**156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.**                    **Page 1 of 5**
  **Motion No.  003**

1 of 5

INDEX NO. 156094/2022

RECEIVED NYSCEF: 05/27/2025

complains that no documents have been produced which detail any findings of fact against him or that the board made any findings about their allegations. Plaintiff contends that his proprietary lease was terminated despite the fact that the board never made any such findings. He complains that two documents, which are allegedly the board minutes from June 27 and July 13, 2022, are "dubious" because they were not uploaded to Castle Village's online portal. Plaintiff questions the authenticity of these documents.

Plaintiff also seeks the deposition of a former board member on the ground that the deposition of defendants' witness was unproductive. He insists that the witness defendants produced was unable to shed light about possible findings of fact against plaintiff prior to the termination of his lease.

In opposition, defendants argue that much of plaintiff's moving papers improperly focus on the merits of this case and not on the discovery dispute at issue. Defendants insist that plaintiff was provided with a detailed description of his objectionable conduct and point to an exhibit plaintiff attached to his motion. They observe that plaintiff submitted a detailed written response to these allegations that the board considered prior to the termination of his lease.

With respect to the request for documents, defendants observe that discovery is complete and this motion is plaintiff's latest attempt to delay resolution of this matter. They emphasize that they have produced all of the documents in their possession relating to plaintiff's objectionable conduct and that this demand is from April 20, 2023. Defendants argue that plaintiff has not provided any basis for his assertion that defendants have withheld documents.

Defendants also argue that they have produced all board meeting minutes in their possession and that their counsel has specifically identified the Bates numbers for those documents in communications with plaintiff's attorney. They observe that the two specific

**156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.**                    **Page 2 of 5**
  **Motion No.  003**

2 of 5

meeting minutes highlighted by plaintiff were not posted on the online portal because they were special meetings as opposed to general board meetings. Defendants also maintain that there is no reason to compel the deposition of a former board member. They insist that the deposition of defendants' witness was more than sufficient and observe that this deposition was taken in March 2024, which makes the instant attempt to demand another deposition far too late.

In reply, plaintiff argues that the deposition of the former board member is appropriate because he signed the resolution finding that defendant committed objectionable conduct and that, again, defendants have produced no proof that the board ever made any findings of fact about the allegations lodged against plaintiff. Plaintiff also argues that he never waived any of his discovery demands.

**Discussion**

The Court denies the motion. Based on the record submitted on this motion, defendants have met their burden to show that they have turned over the documents in their possession. This Court is unable to compel defendants to produce additional documents that they do not have. In fact, defendants observed that they turned over the special meeting minutes at issue. And plaintiff did not specifically mention any documents that are missing. That is, he did not identify documents that he claims defendants are withholding. Instead, plaintiff appears to argue that defendants' production does not, according to plaintiff, sufficiently support the termination of plaintiff's proprietary lease. Plaintiff also raises numerous arguments about the merits of the case.

Of course, if plaintiff is correct that defendants lack the required proof, then they will not prevail in a dispositive motion or at trial. Similarly, plaintiff's complaints about the authenticity

**156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.**                    **Page 3 of 5**
  **Motion No.  003**

3 of 5

of the special meeting minutes (and the fact that they were not included in the online portal) are issues to raise concerning the sufficiency of the evidence adduced. But this Court's task in this discovery motion is to assess whether or not it should issue an order compelling defendants to produce additional documents and, here, defendants contend they do not have anything else to produce. Therefore, the Court must deny this branch of the motion.

The Court also denies the request for another deposition. When asked by plaintiff's counsel about any findings of fact, defendants' witness responded that "Again I'm not sure what you mean by a finding of fact but the board was presented with evidence including a letter from Ms. Yuda, including complaints from staff, from Jorge, from Michael Hegewal; from the garage, from residents within his building, from other members of the board who had altercations with Mr. Haimovici. There's conduct that has been ongoing for years including when he assaulted the prior property manager somewhat over 20 years [ago]" (NYSCEF Doc. No. 192 at 144). This detailed answer is more than sufficient for a deposition. It is not tantamount to a non-answer that suggests another witness is needed.

And of course, the fact is that plaintiff is in possession of the May 10, 2022 letter detailing the specific objectionable conduct (NYSCEF Doc. No. 187). This document includes many, many examples of such conduct (*id*. [detailing, for instance, a purported confrontation between plaintiff and another resident where "Mr. Haimovici told Josephine to "fuck off" and "you have cancer, I hope you die"]). The Court sees no reason to compel another deposition based on this record.

Although not dispositive, the Court is concerned about the timing of the instant demand for another deposition more than a year after the completion of the aforementioned deposition of defendants' witness. Surely plaintiff had more than enough time to review the transcript and

**156094/2022 HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.** **Page 4 of 5**
**Motion No. 003**

[* 4]

4 of 5

[* 5]

seek another deposition. While the Court makes no finding that this is part of a scheme to intentionally delay resolution of this case, the Court concludes that this case is now ready to get on the trial calendar.

Therefore, a note of issue must be filed on or before June 11, 2025. Any party may file the note of issue. The upcoming conference is cancelled.

Accordingly, it is hereby

ORDERED that plaintiff's motion is denied in its entirety and a note of issue must be filed by June 11, 2025 (it may be filed by any party).

| | | |
|---|---|---|
| 5/27/2025 | | |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**156094/2022   HAIMOVICI, GABRIEL vs. CASTLE VILLAGE OWNERS CORP.**          **Page 5 of 5**
**Motion No.  003**

5 of 5